UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RANDY D. ZAK,

         Plaintiff,      **Hon. Hugh B. Scott**

                      08CV400A

       v.

                      **Order**

CAPITAL MANAGEMENT SERVICES, LP,

         Defendant.

_____

  Before the Court is defendant's motion to compel or for evidentiary preclusion (Docket No. 14[1]). Responses to this motion were due by May 5, 2009, and any reply was due by May 19, 2009 (Docket Nos. 15, 17), with the motion argued on May 26, 2009 (Docket Nos. 17, 19 (minutes)) and deemed submitted on May 26, 2009.

## BACKGROUND

  This is a Fair Debt Collection Practices Act action in which (pertinent to the pending motion) plaintiff alleges that defendant called plaintiff on his cellular telephone regarding a debt plaintiff did not owe (Docket No. 1, Compl. ¶¶ 11-18). At issue here is a series of telephone calls plaintiff alleges receiving from on or about February 22, 2008 to April 12, 2008 (id. ¶¶ 11,

---

[1] An unsigned version of this motion, Docket No. 13, was terminated by the Court Clerk. In support of its motion, defendant submits its attorney's affirmation, Docket No. 14, and reply (with exhibits), Docket No. 18.
  In opposition, plaintiff submits his attorney's affirmation with exhibits, Docket No. 16.

16-17; Docket No. 14, Def. Atty. Affirm. ¶ 6). Defendant answered the Complaint (Docket No. 3).

Prior to making this motion, defense counsel requested an extension of time to complete discovery to allow third parties to produce materials to plaintiff and for plaintiff to disclose to defendant (letter of Patricia Cipriani to Chambers, Dec. 9, 2008; see also Docket No. 18, Def. Reply Ex. B (copy of letter)). That request was granted in relevant part (Docket No. 11). Defendant made a second request to extend discovery (letter of Cipriani to Chambers, Feb. 24, 2009; see also Docket No. 18, Def. Reply Ex. A (copy of letter) to allow third parties to provide materials to plaintiff to respond to defense document demands. That request was also granted, with motions to compel discovery due by May 19, 2009, and discovery now due by June 19, 2009 (Docket No. 12).

Defendant now moves for an Order compelling plaintiff to produce certain cellular telephone records or prohibit plaintiff from supporting his claims or introducing unproduced materials as evidence (Docket No. 14, Notice of Motion). According to defendant, plaintiff had produced some but not all of the cell phone records and defendant believes that the outstanding records should have been available to plaintiff by now (id., Pl. Atty. Affirm. ¶¶ 3, 5). Plaintiff represented that his delay in producing was due to the fact that he was awaiting records from his cellular carriers, AT&T Wireless ("AT&T") and an unidentified company (id. ¶ 6), but plaintiff produced cellular telephone records from March 29, 2008, through May 31, 2008, after the period at issue (February-April 12, 2008) in plaintiff's claims (id. ¶¶ 7, 6). Defendant made this discovery demand in November 2008 (id. ¶ 4, Ex. A, # 8 (seeking plaintiff's cell phone bills for the time plaintiff allegedly received the calls at issue)) and conferred with plaintiff's counsel in

an attempt to resolve this matter short of motion practice (see id. ¶¶ 2, 5; see also Docket No. 18, Def. Reply).

In response, plaintiff moves that the Court deny the motion (in particular deny preclusion) because the records sought by defendant do not exist (after due diligence on plaintiff's part to locate them) and the motion should be denied for defendant's failure to confer in good faith prior to making this motion (Docket No. 16, Pl. Response at 1, Pl. Atty. Affirm. at 4-5). Plaintiff contends that, after subpoenaing his sole cell phone carrier (AT&T), he submitted to defendant relevant telephone records that he had at his disposal (Docket No. 16, Pl. Atty. Affirm. ¶¶ 6, 16, 7-14, Exs. 1-5). Plaintiff does not believe that he used another carrier (id. ¶ 16). He argues that defendant, aware of plaintiff's number, could have obtained these records itself (id. ¶ 15). Plaintiff was not notified by defendant until February 9, 2009, that defendant felt the records produced were incomplete and plaintiff then served a third subpoena upon AT&T for telephone records (id. ¶ 17, Ex. 6). AT&T produced the same set of telephone records in response to the third subpoena as it had in the prior two (id. ¶ 19, Ex. 7). Plaintiff concludes that the telephone records from February of 2008 to March 28, 2008, do not exist and counsel informed defense counsel of this fact (id. ¶ 20). He insists that defendant did not comply with the certification requirements of good faith attempts to confer prior to making its present motion (id. ¶ 21) and defendant has not shown undue prejudice in not having these telephone records (id. ¶ 22).

In reply, defendant asserts that it exchanged e-mail and telephone calls with plaintiff's counsel in efforts to obtain these telephone records (Docket No. 18, Def. Reply at 1-2). Defendant faults plaintiff for producing telephone records from AT&T after February 27, 2008,

3

after the period claimed in this case (id. at 2) and defendant denies receiving plaintiff's Exhibit 5, the second set of records from AT&T (id.; see Docket No. 16, Pl. Atty. Affirm. ¶ 12, Ex. 5).

The parties do not indicate that defendant sought an authorization (if required) from plaintiff to obtain these records directly from AT&T and defendant itself has not subpoenaed AT&T for these records (cf. Docket No. 18, Def. Reply at 2, arguing that it was not defendant's responsibility to subpoena plaintiff's telephone service records).

At oral argument, plaintiff claimed that it served subpoenas (four times) upon AT&T and obtained only the records he produced. Plaintiff invited defendant to serve its own subpoena upon AT&T to compare responses from the cell phone provider. Defendant countered that the verification from AT&T's representative to one of the responses to the subpoena indicated that all of AT&T's records were produced when, in fact, January and February 2008 records were not produced.

DISCUSSION

I.  Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Document production under Rule 34 is only of items "in the responding party's possession, custody, or control," Fed. R. Civ. P. 34(a)(1); see also Fed. R. Civ. P. 26(a)(1)(A)(ii) (initial disclosure of documents in a party's possession, custody, or control, that may be used to support a claim or defense).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

Rule 37(d) calls upon the Court to make such Orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). The rule lists various sanctions including preclusion or dismissal of claims. Fed. R. Civ. P. 37(d), (b)(2)(A)(i) (facts established), (ii) (refusing to allow disobedient party to support claim or defense), (iii) (striking pleadings), or (vii) (contempt of court for failing to produce witness, as well as payment of opponent's reasonable expenses, and attorneys' fees). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Procedurally, under Rule 37(a)(2)(B) and

this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel.

> Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007).

II. Application

  A. Conferring in Good Faith

The Court considers first whether the parties conferred in good faith prior to this motion practice regarding production of these cell phone records. Plaintiff argues that defendant did not certify that it conferred with defendant or sought the discovery from plaintiff (Docket No. 16, Pl. Atty. Affirm. ¶ 21). But defendant served discovery demands seeking these records and defendant has shown its efforts to obtain these items from plaintiff short of motion practice.

  B. Merits

Defendant seeks production of cell phone records from February to the end of March 2008 from AT&T (when plaintiff alleged defendant initially called him) and plaintiff's other cell phone providers. Defendant further seeks to prohibit plaintiff from supporting that claim with unproduced cell phone records and for evidence preclusion for those records (Docket No. 14, Notice of Motion), see Fed. R. Civ. P. 37(b)(2)(A)(ii). According to plaintiff, after three subpoenas to his sole wireless provider, no such records were found. What were produced were

6

his AT&T cell phone records for a period after the one at issue here, reproducing in response to this motion subscriber activity reports for a cell telephone number from March 29, 2008, to May 31, 2008, and later set of records from July 21, 2008, and later in 2008 despite seeking records from February 2008 to May 2008 (Docket No. 16, Pl. Atty. Affirm. Exs. 1, 2, 3, 5). According to the subscriber information furnished by AT&T, plaintiff had an account with them since July 2006 (id., Ex. 5). Plaintiff's counsel then served a third subpoena (id., Exs. 6, 7), seeking these records, with AT&T producing records from January to August 2008, but the telephone number indicated was a prepaid account which had one call in August 2008 (id. Ex. 7). All the records sought and obtained are for the same telephone number (which, for privacy purposes, will not be referenced herein).

But the key here is whether plaintiff had possession, custody, or control of these records. For plaintiff to have to subpoena these records (and use multiple subpoenas to attempt to get them) it is clear that the AT&T records are not within the plaintiff's possession, custody, or control so as to make him liable when they are not produced or to have preclusive effect if such records are later introduced in this case. If these records exist, plaintiff has established that he does not have them to produce to defendant. Defendant's motion to compel is **denied**; defendant is in an equal position as plaintiff (assuming that no authorization is required from plaintiff to release access to these telephone records to defendant) to subpoena these records (if they exist) from AT&T. On the other hand, plaintiff is reminded of his continuing obligation to supplement his discovery in a timely manner if he learns "that in some material respect the disclosure or response is incomplete," Fed. R. Civ. P. 26(e)(1)(A); in the event plaintiff obtains the relevant, requested telephone records, he should produce them to defendant. Plaintiff ultimately bears the

7

burden of proving that defendant called him in violation of the Fair Debt Collection Practices Act and his testimony alone may not be enough to prove that defendant made the alleged calls. Preclusion of plaintiff's claims or evidence supporting those claims in the absence of these records **is not warranted at this time**, but that ultimate determination is for the District Judge with plenary jurisdiction to determine, see 28 U.S.C. § 636(b)(1)(A).

CONCLUSION

For the reasons stated herein, defendant's motion to compel (Docket No. 14) is **denied**.

SO ORDERED.

                                                  */s/ Hugh B. Scott*
                                                  Hon. Hugh B. Scott
                                        United States Magistrate Judge

Buffalo, New York
May 29, 2009